[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
————————————————

No. 17-15408
Non-Argument Calendar
————————————————

D.C. Docket No. 7:17-cr-00079-LSC-JHE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRICK LAMAR COLLINS,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama

————————————————

(November 5, 2018)

Before WILSON, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Cedrick Lamar Collins appeals his above-guidelines 240-month sentence after pleading guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of hostage-taking during a bank robbery, in violation of 18 U.S.C. § 2113(a) and (e).  Reversible error has been shown; we vacate Collins's sentence and remand to the district court for resentencing.

As an initial matter, the arguments as presented in Collins's appellate brief are without merit.[1]  Because we conclude on other grounds that it is necessary for us to vacate Collins's sentence and to remand for resentencing -- we do not address in detail Collins's arguments in this opinion.

The facts pertinent to this appeal are as follows.  In calculating Collins's criminal history, the Presentence Investigation Report ("PSI") listed Collins's prior juvenile adjudication for sexual misconduct, based on Collins having forced a seven-year-old girl to have oral sex with him.  According to the PSI, the offense

---

[1] On appeal, Collins contends that his sentence is procedurally and substantively unreasonable because the district court failed to explain sufficiently the reasons for the 120-month upward variance, and also failed to consider properly the 18 U.S.C. § 3553(a) factors, including that Collins was 18 years' old when he committed the robbery.  Collins also argues that the district court erred by requiring him to register as a sex offender as a special condition of his supervised release because the condition was not reasonably related to his offense of conviction (bank robbery) and because the district court failed to make an independent finding that Collins had been convicted of a qualifying sexual offense under the Sex Offender Registration and Notification Act.

2

occurred on 21 January 2012.  Given Collins's date of birth as reported in the PSI (12 February 1998), Collins was thirteen years' old when he committed the offense.  Collins was later adjudicated as a delinquent -- after he turned fourteen.

At the sentencing hearing, the district court noted that there were no objections to the PSI and adopted the PSI's findings and guidelines calculations.[2]  After considering the parties' arguments and the 18 U.S.C. § 3553(a) factors, the district court determined that an above-guidelines sentence was appropriate given the nature and circumstances of the robbery offense and Collins's history and characteristics.  Among other things, the district court discussed Collins's sexual misconduct offense, which the district court described as "a horrific crime in and of itself" and as evidence of Collins's "callous disregard for other people's rights and humanity."  In noting the details of the sexual offense, however, the district court said incorrectly that Collins was fourteen years' old at the time of the crime.

The district court sentenced Collins to 240 months' imprisonment and to 5 years' supervised release.  The district court also imposed the following special condition on Collins's supervised release: "Pursuant to the Adam Walsh Child

---

[2] A sentencing court "may accept any undisputed portion of the presentence report as a finding of fact." Fed. R. Crim. P. 32(i)(3)(A).  Accordingly, we have said that a party's "failure to object to allegations of fact in a PSI admits those facts for sentencing purposes and precludes the argument that there was error in them." United States v. Beckles, 565 F.3d 832, 844 (11th Cir. 2009) (quotations omitted).

Protection Act of 2006, you shall register as a sex offender no later than three business days from your release from imprisonment."

Collins raised no objection at sentencing to the district court's statement that Collins was fourteen years' old when he engaged in the conduct underlying his sexual misconduct conviction. Collins also raised no objection to the district court's requiring him to register as a sex offender. On appeal, Collins has also failed to challenge his sentence on the ground of his actual age when he committed his sexual offense.

Generally speaking, arguments not raised on appeal are deemed abandoned. United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003). A narrow exception to this general rule exists, however, when -- despite a party's failure to raise an argument on appeal -- we discover that an "obvious" and "material" error has been committed in the context of a criminal case.

The Supreme Court has said that "[i]n exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." Silber v. United States, 370 U.S. 717, 718 (1962). An appellate court "in a criminal case may notice material error within its power to

4

correct, even though that error is not specifically challenged, and certainly should do so . . . where life is at stake." Fisher v. United States, 328 U.S. 463, 467-68 (1946). In the light of the Supreme Court's guidance, we believe this case presents one of the rare situations in which we are compelled to correct an error despite appellant's own failure to raise the issue either in the district court or in his appellate brief.

On this record, that the district court erred in treating as statutorily-mandated the special condition that Collins register as a sex offender is plain. A sentencing court is required to "order, as an explicit condition of supervised release for a person required to register under the Sex Offender Registration and Notification Act [("SORNA")], that the person comply with the requirements of that Act." 18 U.S.C. § 3583(d). Under SORNA,[3] a person "convicted of a sex offense" is required to register as a sex offender. 34 U.S.C. §§ 20911(a), 20913. The term "convicted" is defined as including juvenile adjudications for sex offenses, "but only if the offender is 14 years of age or older at the time of the offense . . .." 34 U.S.C. § 20911 (emphasis added). Because Collins was not yet fourteen when he committed his sexual offense, that offense would not have subjected Collins to

_____

[3] In 2006, Congress enacted SORNA as part of the Adam Walsh Child Protection and Safety Act, Pub. L. No. 109-248, Tit. I, 120 Stat. 590.

5

SORNA's mandatory registration requirements.  The requirement to register is a substantial burden.

We recognize that district courts have broad discretion to impose special conditions of supervised release.  See 18 U.S.C. § 3583(d) (providing that a court may impose "any" condition on supervised release that the court deems appropriate so long as the condition is reasonably related to the section 3553(a) factors, involves no greater deprivation of liberty than is reasonably necessary, and is consistent with the Sentencing Commission's policy statements).  On this record, however, nothing evidences that the district court judge believed he was making a discretionary decision about supervised release.[4]  Instead, the district court judge's language -- that he was imposing the special condition "[p]ursuant to" the statute (with no further discussion) -- demonstrates that the district court treated as mandatory the special condition of sex-offender registration:  the sentencing court imposed the special condition relying on a statute that, as a matter of law, did not apply to the facts in this case.  This step constitutes an obvious and material error in this context of this case.

---

[4] We do not hint that the pertinent special condition could lawfully be imposed on Collins in this case outside of the requirements of SORNA.  We do not decide that question today.  We only note that we do not believe the imposition of the special condition was based on something independent of SORNA.

6

Collins's juvenile adjudication for sexual misconduct was also a significant factor in the district court's determination that a long, above-guidelines sentence was warranted. We cannot be sure to what extent (if any) the court's erroneous factual finding about Collins's age at the time of the sexual offense impacted on the weight given to Collins's prior conviction. But given that the distinction between an offender being thirteen versus fourteen years' old when he commits a sexual offense is -- at least for some purposes -- a material difference, we cannot rule out that the district court's plainly erroneous factual determination about age also influenced improperly the district court's sentencing decision beyond the registration requirement.

Because the district court committed an error that was both obvious and that had a material effect on the outcome of Collins's criminal sentencing proceedings, we are compelled to vacate Collins's sentence entirely and to remand for resentencing.

SENTENCE VACATED AND REMANDED.

7